UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE ALMOND,

              Plaintiff,

v.                                             **Case No. 16-cv-752-pp**

**WARDEN, DR. CHEASTER,
MS. WATTS, NURSE PRINCE,
NURSE VAUD, NURSE WOODDARD,
CAPTAIN BRICK, and SGT. NUNN,**

              Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DKT. NO. 3) AND DIRECTING PLAINTIFF TO PAY $400 FILING FEE BY SEPTEMBER 30, 2016, OR RISK DISMISSAL**

---

The plaintiff is a *pro se* prisoner. He has filed a complaint under 42 U.S.C. §1983, Dkt. No. 1, along with a motion for leave to proceed *in forma pauperis*, Dkt. No. 3.

Under the Prison Litigation Reform Act (PLRA) of 1996, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> If the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), the court must consider prisoner actions dismissed

1

on any of the three enumerated grounds both before and after enactment of the PLRA. Evans v. Ill. Dep't of Corr., 150 F.3d 810, 811 (7th Cir. 1998).

The plaintiff has accumulated several "strikes": (1) Almond v. Wisconsin, et al., Case No. 06-C-447-C (W.D. Wis.); (2) Almond v. Wisconsin, Case No. 06-C-448-C (W.D. Wis.); (3) Almond v. Wisconsin, Case No. 06-C-449-C (W.D. Wis); and Almond v. Glinski, Case No. 14-CV-1336-pp (E.D. Wis.). Although the plaintiff has more than three strikes, he states in his complaint in this case (as he has in some previous cases) that he is "in imminent danger of serious physical injury." Dkt. No. 1 at 2. Thus, the court must determine whether the complaint contains allegations that support the existence of factors of §1915(g)'s imminent danger exception.

In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Courts deny leave to proceed *in forma pauperis* under §1915(g) when a prisoner alleges only a past injury that has not recurred. See Ciarpaglini, 352 F.3d at 330 (citations omitted). In addition, courts deny leave to proceed *in forma pauperis* when a prisoner's claims of imminent danger are "conclusory or ridiculous." Id. (citing Heimermann v. Litscher, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection two years previously is not imminent

2

danger); Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger)). Section 1915(g) is not used to determine the merits of a claim, however, because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim." Ciarpaglini, 352 F.3d at 331.

According to the complaint, the defendants deprived the plaintiff of his doctor-prescribed pain medication Naproxen from April 27, 2016, through May 11, 2016. The plaintiff alleges that he needed the pain medication for his chronic, serious pain. He seeks compensatory damages for his pain and suffering.

The facts that gave rise to the plaintiff's allegations took place over a month before the date on which he filed his petition, and almost three months before he filed his motion to proceed without prepaying the filing fee. He does not indicate that he is at risk of not getting his medication again in the future, and he only seeks compensatory relief. The court concludes that the allegations in the complaint do not support the plaintiff's assertion that he is under imminent danger of serious physical injury. See Ciarpaglini, 352 F.3d at 330.

Because court finds that the plaintiff has incurred more than three strikes, and has not demonstrated that he is in imminent danger of serious

3

physical injury, the plaintiff must pay the $400 filing fee if he wants to proceed. If the plaintiff does not pay the filing fee by September 23, 2016, the court will dismiss this case.

## Plaintiff's Debt to the Court

Not including this case, the plaintiff owes the following money to the court from prior cases he has filed in this district[1]:

(1) $769.81, Case No. 1:08-cv-546-WCG & Appeal No. 09-2552;
(2) $341.47, Case No. 1:08-cv-619-WCG;
(3) $218.13, Case No. 2:07-cv-127-WCG;
(4) $400.00, Case No. 1:14-cv-1336-PP;
(5) $399.47, Case No. 2:15-cv-365-PP;
(6) $399.20, Case No. 2:15-cv-568-PP; and
(7) $400.00, Case No. 2:15-cv-615-PP.

Despite owing this court a substantial sum of money ($2,928.08 in total) and having acquired more than three "strikes" under 28 U.S.C. §1915(g), the plaintiff continues to file lawsuits seeking leave to proceed without prepayment of the filing fee (to proceed *in forma pauperis*). If the plaintiff continues to file cases seeking leave to proceed *in forma pauperis*, the court may impose a bar under Support Systems Int'l v. Mack, 45 F.3d 185 (7th Cir. 1995) (per curiam). See Newlin v. Helman, 123 F.3d 429, 437 (7th Cir. 1997) (rev'd on other

---

[1] The plaintiff has filed cases in the Western District of Wisconsin as well. A Civil Party Search in PACER Case Locator reveals that the plaintiff has filed the following cases in the Western District of Wisconsin: (1) 3:2006-cv-450; (2) 3:2014-cv-174; (3) 3:3006-cv-449; (4) 3:2014-cv-5; (5) 3:2006-cv-560; (6) 3:2006-cv-448; (7) 3:2012-cv-342; (8) 3:2006-cv-447; (9) 3:2012-cv-302; (10) 3:2011-cv-333; (11) 3:2006-cv-571; (12) 3:2006-cv-559; (13) 3:2006-cv-557; (14) 3:2009-cv-335; (15) 3:2006-cv-451; (16) 3:2014-cv-616; (17) 3:2010-cv-621; (18) 3:2010-cv-292; (19) 3:2006-cv-556; (20) 3:2006-cv-561; (21) 3:2012-cv-241; (22) 3:2012-cv-100; (23) 3:2006-cv-558; (24) 3:2006-cv-446; and (25) 3:2012- cv-259. All of these cases are closed. The court has not determined whether the plaintiff owes money in any of these cases.

grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000)). A Mack bar order requires the clerks of courts in this circuit to return civil complaints unfiled, without presenting them to judges, until the plaintiff's debt to the judicial system has been paid. Newlin, 123 F.3d at 437.

## ORDER

The court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 3.

The court **ORDERS** that the plaintiff shall pay the $400 filing fee to the Clerk of Court by the end of the day on **September 30, 2016**, or the court will dismiss this case.

The court will mail a copy of this Order to the Warden at Milwaukee Secure Detention Facility.

Dated at Milwaukee, Wisconsin this 6th day of September, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge